## MERRITT *vs.* GILL, administrator.

1. The issue being whether a judgment had been fully discharged or not, the defendant introduced a receipt for a certain sum, which recited on its face that defendant claimed this to be all that was due, and that the balance apparently due had been discharged by a certain auditor's report and decree rendered on a bill in equity, while plaintiff claimed that said decree and report did not bind him:

*Held,* that the record in such case was not only admissible, but essential to a determination of the issue.

2. While generally judgments are conclusive between parties and privies, yet on a bill by an administrator to marshal assets and to determine the priorities of creditors and the mode of distribution among them, their rights are involved, and courts of chancery will inquire into the justice and equity of their claims, though one may be in judgment.

(*a.*) Especially will such inquiry be proper as to equities arising since the rendition of the judgment.

Evidence.    Judgments.    Administrators and Executors.    Equity.    Before Judge WILLIS.    Marion Superior Court.    April Term, 1881.

Reported in the decision.

S. C. ELAM; L. E. BLECKLEY, for plaintiff in error.

BLANDFORD & GARRARD; MILLER & BUTT, for defendant.

SPEER, Justice.

The defendant in error, J. M. Gill, administrator of C. J. Baldwin, deceased, caused to be levied, on the third day of August, 1877, a *fi. fa.*, in his favor, issued on the 28th day of April, 1877, from Marion superior court, against Thomas M. Merritt, on certain lots of land as the property of the defendant. To this levy the defendant in *fi. fa.* interposed his affidavit of illegality, alleging that the judgment on which the *fi. .fa.* issued had been fully paid to the

plaintiff, Gill.    An issue having been tendered, a jury was empanneled.    The *fi. fa.* and levy having, by plaintiff, been read to the jury, and he then closing, defendant moved to dismiss said levy, because plaintiff had not shown that the defendant in *fi. fa.* had been in possession of the land levied on at any time since the rendition of the judgment which motion the court overruled, and defendant excepted.

Counsel for defendant then offered, and read in evidence, the following receipt:

| "J. M. Gill, administrator of Charles J. Baldwin, deceased, *vs.* T. M. Merritt, administrator of W. H. Merritt, deceased. | Judgment and *fi. fa.* in Marion Superior Court. $222.50 prin., besides interest and cost. |
|---|---|
| J. M. Gill, administrator of Charles .J Baldwin, deceased. *vs.* T. M. Merritt. | Judgment and *fi. fa.* in Marion Superior Court. $222.50, prin., besides interest and cost. |

Received of T. M. Merritt, as administrator upon the estate of W. Merritt, deceased, the sum of two hundred dollars, on the above judgments; T. M. Merritt insisting that nothing more is due upon said judgments, according to an auditor's report in the case of T. M. Merritt, administrator of said W. H. Merritt, deceased, *vs.* J. M. Gill *et al.*, bill to marshal assets, etc., in Sumter superior court; J. M. Gill denying that he is in any manner bound by said auditor's report, and the reception of this two hundred dollars shall in no manner whatever estop the parties as to any of their rights in said judgment.    This 11th May, 1878.                    JACK M. GILL, *Administrator.*"

On the reading of said receipt, defendant in *fi. fa.* was sworn as a witness in his own behalf, and proposed to testify that, in the event Gill, the administrator, is not bound by the auditor's report alluded to in the receipt just read, he wished the two hundred dollars mentioned in said receipt to be applied to the *fi. fa.* against him individually now here, which testimony the court rejected, and defendant excepted.

Defendant further proposed to prove that Gill, the administrator of Baldwin, owed the estate of his intestate

(Merritt) forty dollars, and he elected to apply this sum to the *fi. fa.* levied, which evidence the court rejected, and defendant excepted.

Defendant introduced the original *fi. fa.* of J. M. Gill, administrator of C. J. Baldwin, deceased, *vs.* Thomas M. Merritt, administrator of Wade H. Merritt, deceased, for the sum of $222.50, principal, besides interest and cost, issuing from Marion superior court, and dated April 28th, 1878.

Defendant then offered to read the interrogatories of Dupont Guerry, to prove the fact that, as counsel for plaintiff in execution, he represented him, as administrator, in a bill in equity filed in Sumter superior court, "for relief, injunction," etc., wherein Thos. M. Merritt was complainant, and various parties, including Gill, the administrator of Baldwin, were defendants, the bill being filed by Mer'ritt, as administrator, to marshal the assets of said estate.

Plaintiff in error also offered in evidence the exemplification of the bill, answers, auditor's report, verdict and decree thereon, filed in Sumter superior court, in favor of Merritt, administrator, *vs.* Gill, as administrator, *et al.*; also, the record of the submission, award and judgment on the same, between the same parties, from which the *fi. fa.* levied issued from Marion superior court, said record evidence being offered to support the defendant's illegality, and as relevant to explain and determine the effect of the receipt already in evidence. On objection made, this evidence was excluded by the court, and defendant below excepted, whereupon defendant closed, and the jury returned a verdict in favor of the plaintiff in *fi. fa.*

The controlling question in the cause presented here, is, was the exclusion of these records as evidence error.

The facts set forth in the records were, in substance: That Gill, as administrator of Baldwin, had brought his action against Merritt, as administrator, to recover of him certain lands lying in Marion county; that the case was, by a submission between the parties, referred to arbitra-

tion; that the arbitrators had made an award, adjudging that the lands in controversy should be returned to Gill, as administrator, and that he should recover out of the estate $223.50, as rents of said lands for the years 1872-3, and a like sum out of Merritt individually, as rents of same lands for the years 1874-5; that said award was returned to Marion superior court, and exceptions to the same were filed by Merritt, as administrator of W. H. Merritt; that while this issue was pending, Merritt, as administrator, filed his bill in Sumter superior court for relief and injunction, and to marshal the assets of the estate of his intestate, Wade H. Merritt, to which the creditors of the estate were made defendants, including Gill, as administrator. The bill alleges the insolvency of the estate, attacks the award made by the arbitrators, then pending in Marion superior court, and claims his intestate was the owner of one-sixth interest in the lands recovered by said award, in the purchase by his intestate, in his lifetime, of the share of one of the heirs at law of Gill's intestate. He avers that he has sold all the property of his intestate, and paid out all the money received; asks for a full and thorough investigation of all his acts as administrator, and for the aid and protection of the court as to his duty in paying the indebtedness of the estate, as to priorities, etc.; prays the award may be set aside, and the lands recovered may be restored to the estate. He also sought an injunction against the creditors of the estate, and against Gill, as administrator, from prosecuting the award complained of; asks for the appointment of an auditor to examine into the condition of the estate, its liabilities, and priority of creditors, and report thereon. The record further shows that Gill, as administrator, answered the bill. On the hearing of the injunction, the court granted the same as against the defendants, except as to the land claim of Gill, in Marion superior court. The record shows that the award pending in Marion superior court was, after this, made its judgment, at April term, 1877.

Under the bill filed, an auditor was appointed, and notice was given by him to all creditors, including Gill, as administrator, to appear before him, at a time and place, for an examination of the questions made in said bill.

On the hearing had before the auditor, the award of Gill being before him, with other proofs, the auditor reported, as the result of his investigation: "That the award made against Merritt, as administrator and individually, should be credited with $200.00, it being the one-sixth of the value of the land contained in the award, the same having been sold since said award, by Gill, as administrator, at the price of $1,200.00; that the award should further be reduced by one-sixth of the amount recovered in said award as *mesne* profits, being one-sixth of the $445.00 recovered in said award, and which left the amount due to Gill, as administrator, on said award, or judgment thereon, the sum of $200.00, and which the administrator was directed to pay out of the estate." Said report was submitted to a jury, who rendered a verdict sustaining the same, and a decree was accordingly entered thereon, confirming the same.

The question submitted for review is, whether the court erred in rejecting said record (in which was set forth the foregoing facts, and the report, verdict and decree thus rendered on said bill) from the jury, or was the same relevant to the issue on trial, and admissible as evidence. We do not understand why the terms of the written receipt in evidence, given by Gill, as administrator, and received by Merritt, as administrator, of itself does not require the admission of this record and judgment. The receipt shows the payment of $200.00 by Merritt to Gill, as administrator. Merritt paid the amount, and in said receipt claimed "that nothing more is due on the judgments rendered on the award, according to the auditor's report." Gill receives the $200.00, denying he is "in any manner bound by said report." In view of the receipt given, and the issue between them as to the effect of the decree, we think the

defendant in *fi. fa.* was entitled to have this record, and judgment thereon, admitted in evidence, that the jury, under the instructions of the court, might determine whether the same was not a satisfaction of the judgment on the award, either total, as claimed by defendant, or only partial, as claimed by the plaintiff below. We are of opinion this evidence rejected was a necessity, for the court and jury to decide intelligently the question thus raised by the parties in this receipt, and which could alone be decided by the record itself.

The decree thus sought to be introduced, it must be remembered, was rendered since the judgment on the award on a bill filed by Merritt, administrator, *vs.* Gill and others, to marshal the assets of the estate, and to seek the aid and direction of the court in the settlement of all claims against the estate, according to their amounts and priorities. To this bill, Gill, administrator, was a party, and he had due notice of the hearing before the auditor. Under such applications to a court of chancery, the court will look "to the equities of creditors," in whatever form their claims may be presented, and decree accordingly. Admitting, as a general rule, that judgments rendered are usually final and conclusive between parties and privies, yet on a proceeding to marshal the assets of an insolvent estate, when the rights of other creditors intervene and the powers of chancery are invoked to settle the debts of creditors on an equitable basis, we know of no rule or principle in equity that would prevent a chancellor from making inquiry into the justice or equity of a judgment, however solemnly pronounced, and especially to set up an equity arising since the award. The plaintiff below, before he obtained his final judgment on the award, had notice of this bill, and that it sought to avoid the award he was pressing to judgment in a court of law, and to set off against this award an equity in favor of the estate of Merritt's intestate, and an equity that Merritt could not avail himself of by pleading in the court of law where the award was pending. If

he chose to go forward and press his award to a judgment in a court of law, he took it subject to such decree as would be finally rendered on the bill of the administrator pending. Under this view, we see no reason why this final decree in chancery is not binding as to him. If it be true, as this decree recites, that he is indebted to the estate of Merritt $200.00, for its interest in the land sold by Gill, as administrator, and also in the sum of one-sixth of the *mesne* profits he, Gill, recovered in the award and judgment thereon, we think it clearly competent for the court of chancery to decree that his judgment should stand credited with these sums, and permit him alone to recover the balance due. The bill was filed to complete the administration of Merritt's estate equitably among all the creditors, and when equity assumes a task of this kind, its rule is to furnish, not partial but "full and complete relief" to its suitors to the final consummation sought. Its object in such cases is to administer an estate where the ordinary process of law "would interfere with the due administration," and in doing so the court will seek to administer it in a spirit of "equity to all the creditors."

With these views, we think the court erred in ruling out this testimony, so important to the protection of the administrator and to the equities of other creditors.

Judgment reversed.